**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SCHNEUR GERSHOWITZ et al.,

               Plaintiffs,

               -against-

DANIEL GRIV A/K/A DANIEL AMRAM,

               Defendant.

------------------------------------------------------------x

24-CV-1915 (PAE) (OTW)

**ORDER**

     **ONA T. WANG**, **United States Magistrate Judge**:

     The Court has reviewed ECF Nos. 18, 27, 28, 29, 30, and 31.

     Defendant timely filed his motion to dismiss on January 3, 2025.[1] (ECF 28). Accordingly, Plaintiffs' request for an inquest on damages (ECF 27) is deemed **WITHDRAWN**.[2] (*See* ECF 29).

     Plaintiffs' request for leave to file a motion for sanctions at ECF 27 is **DENIED**. *Pro se* Defendant referenced Rule 11 in the correspondence on which Plaintiffs' request is based, and such correspondence may constitute a safe harbor notice under Fed. R. Civ. P. 11(c)(2). (*See* ECF 27 at 4–5). Plaintiffs' counsel is directed to review Fed. R. Civ. P. 11 and respond, as appropriate.

---

[1] As noted in the Court's November 1, 2024 Order, the Court has construed Defendant's filing at ECF 18 as a request for a briefing schedule for his motion to dismiss for lack of subject matter jurisdiction. (ECF 21).

[2] The Court notes, however, that the problems with Plaintiffs' submission at ECF 27 are myriad. Even had Plaintiffs not withdrawn their request for an inquest on damages, it would be moot, as Defendant has timely filed his motion to dismiss. (*See* ECF 28). Even were such request *not* moot, Plaintiffs' request would be premature, as Defendant has participated in this case since Plaintiffs obtained the Certificate of Default against him. (*See* ECF 13).

Plaintiffs' renewed request for leave to file a motion for sanctions at ECF 29 is **DENIED**. The correspondence on which Plaintiffs base this request is likewise not a proper basis for sanctions.  (*See* ECF 29 at 2).

To the extent that Defendant's letter at ECF 30 purports to be a motion for sanctions pursuant to Rule 11, it is **DENIED** as premature, as the 21-day safe harbor period has not run.

To the extent that Plaintiffs' letter at ECF 31 purports to be a motion for a conference, their request is **DENIED**.

Plaintiffs, who are counseled, threaten to seek sanctions for *pro se* Defendant's threat to seek sanctions.  (ECF Nos. 27, 29).  **There will be no sanctions at this time**.

Counsel for Plaintiffs is directed to serve a copy of this Order on *pro se* Defendant at 599 State St., Perth Amboy, NJ 08861 and at danielgrivamaram@gmail.com and file proof of such service on the docket.

The Clerk of Court is respectfully directed to close ECF Nos. 18, 27, 29, and 31.

**SO ORDERED.**

Dated: January 15, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge