UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SCHNEUR GERSHOWITZ et al.,                    :
                                              :
                        Plaintiffs,           :        24-CV-1915 (PAE) (OTW)
                                              :
            -against-                         :        **REPORT & RECOMMENDATION TO**
                                              :        **THE HON. PAUL A. ENGELMAYER**
DANIEL GRIV a/k/a DANIEL AMRAM,               :
                                              :
                        Defendant.            :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

I. **INTRODUCTION**

On March 13, 2024, Plaintiffs brought this action for defamation, libel, and intentional infliction of emotional distress. (ECF 1). *Pro se* Defendant moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the case for lack of subject-matter jurisdiction, contending that the complete diversity required under 28 U.S.C. § 1332 is lacking. (ECF Nos. 18, 28). Because the record indicates that there are aliens on both sides of this dispute, I respectfully recommend that Defendant's motion be **GRANTED**.

II. **BACKGROUND**

**A. Factual History**

Defendant levels a factual attack on this Court's subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). From affidavits and other evidentiary materials submitted by the parties, the Court extracts the following relevant facts.

Of the three Plaintiffs in this case, one "currently resides and has at all times relevant to this action . . . resided, in Toms River, New Jersey." (ECF 1 at ¶ 1). The other two are Israeli citizens (ECF 38) who "currently and at all times relevant to this action resided in the State of Israel" (ECF 1 at ¶¶ 2–3).

Defendant's residence, meanwhile, is hotly contested. (*Compare* ECF 34 *with* ECF 35). Defendant contends he resided in New Jersey when this action commenced on March 13, 2024; Plaintiffs contend he resided in New York. (ECF Nos. 34, 35). Certain facts, however, are undisputed. First, Defendant lived in the Bronx until at least December 2023. (ECF Nos. 28 at 6, 35). Second, a process server attempted to serve Defendant at the Bronx address on five different days in March 2024 and was unsuccessful each time. (ECF 34-1). Third, when the same process server attempted to serve Defendant at his New Jersey address in November 2024, a woman on the scene informed him that no one by Defendant's name lived there. (ECF 34-1).

Defendant contends that the process server was unsuccessful at the Bronx address because Defendant was not living there. (ECF 35 at 4). From December 2023 to December 2024, Defendant claims, he lived in a commercial office space in New Jersey, which he sublet from the primary tenant and converted to residential use. (ECF 35 at 6). Defendant claims that the woman encountered by the process server lied to protect Defendant's safety. (ECF 35 at 11). Defendant supports his claims with sworn statements from himself (ECF 35 at 1–9), his sublessor (ECF 28 at 18–19), and another tenant (ECF 35 at 11).

Plaintiffs contend that Defendant actually resided in New York when this action commenced. (ECF 34 at 4). Plaintiffs support this claim by pointing to "the lack of credible evidence to establish [Defendant's] residence in New Jersey," a Westlaw PeopleMap report,

2

and the process server's "belie[f]" that Defendant was residing in the Bronx when the complaint was filed. (ECF 34).

Regardless of Defendant's physical place of residence in March of 2024, he swears under oath that he is "a citizen of Israel" and "not a U.S. citizen or permanent resident." (ECF 28 at 2, 6). Plaintiffs do not contest this. (*See* Docket).

### B. Procedural History

Plaintiffs filed this action on March 13, 2024. (ECF 1). The Honorable Paul A. Engelmayer referred the matter to me for general pretrial management on August 8, 2024. (ECF 17). After Defendant moved to dismiss on August 9, 2024 (ECF 18), Judge Engelmayer amended his referral order to include resolution of Defendant's dispositive motion. (ECF 20). At the Court's direction, the parties submitted supplemental evidence and briefing in January and February of 2025. (*See* ECF Nos. 28, 34, 35). Defendant's motion is now ripe for decision.

### III. DISCUSSION

If a federal court determines at any time that it lacks subject-matter jurisdiction over a particular case, it must dismiss the case. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal courts generally have original subject-matter jurisdiction over two kinds of cases: those involving a question of federal law and those involving a diversity of citizenship. U.S. Const. art. 3 § 2; 28 U.S.C. §§ 1331, 1332. Where, as here, a case presents no question of federal law, (*see generally* ECF 1), it may still be heard in federal court if it satisfies the requirements of Section 1332, which grants federal courts original jurisdiction over disputes exceeding $75,000 between "citizens of different States" or between "citizens of a State and citizens . . . of a foreign state." 28 U.S.C. § 1332(a)(1)–(2).

For federal diversity jurisdiction to apply, diversity of citizenship must have existed at the time the action commenced. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). Diversity of citizenship must also be complete: no plaintiff can share citizenship with any defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). *See also Tagger v. Strauss Group Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (holding that even a permanent resident alien domiciled in New York is not a New York citizen for purposes of Section 1332). An individual is domiciled in the most recent place where he physically resided and intended to remain. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

Importantly, "diversity is lacking within the meaning of [Section 1332] . . . where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). *See also Chadwick v. TKO Recs.*, 03-CV-10019 (AKH), 2004 WL 885820, at *1 (S.D.N.Y. Apr. 20, 2004) (finding no diversity jurisdiction when defendants and one of three plaintiffs were citizens only of the U.K.); *Biswas v. Rouen*, 18-CV-9685 (RA), 2019 WL 5260821, at *n.5 (S.D.N.Y. Oct. 16, 2019), *aff'd*, 808 F. App'x 53 (2d Cir. 2020) (finding no diversity jurisdiction when plaintiff and one of six defendants were citizens only of India).

### A. Plaintiffs Bear the Burden of Proving That Diversity of Citizenship Exists

The party asserting federal diversity jurisdiction bears the burden of establishing "by preponderance of the evidence" that diversity of citizenship exists. *Makarova v. United States*,

4

201 F.3d 110, 113 (2d Cir. 2000). *See also Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir.1998) ("It is . . . hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."). That party "must allege a proper basis for jurisdiction in [their] pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations." *Linardos*, 157 F.3d at 947 (citations omitted). When a party seeks to defeat federal jurisdiction by asserting a change of domicile, however, he bears the burden of proving that a change of domicile has occurred. *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998).

Here, because Plaintiffs invoke this Court's diversity jurisdiction, they bear the burden of proving that complete diversity of citizenship existed when the action commenced. Although Defendant would bear the burden of proving that he changed his domicile from New York to New Jersey, that burden is irrelevant here because, as discussed below, Defendant's domicile has no bearing on his citizenship.

**B. Plaintiffs Fail to Prove That Diversity of Citizenship Exists**

In focusing on whether Defendant physically resided in New York or New Jersey when this action commenced, Plaintiffs neglect to address the American citizenship status prerequisite to state citizenship.[1] (*See* ECF 34). For purposes of Section 1332, non-U.S.-citizens are not citizens of any state, regardless of their domicile. *See Newman-Green*, 490

---

[1] Incidentally, the parties also neglect to address the second component of the domicile test: whether Defendant intended to remain in the state indefinitely. *See Palazzo*, 232 F.3d at 42. But ultimately, because Defendant is not an American citizen, his intent makes no difference one way or another. Domicile, properly established, will not vest him with state citizenship. *See Tagger*, 951 F.3d at 126.

U.S. at 828. Accordingly, unless Defendant is a United States citizen, none of Plaintiffs' evidence regarding Defendant's residence has any bearing on the jurisdictional question.

As it happens, Defendant attests in his sworn declaration that he is not a United States citizen. (ECF 28 at 6). Plaintiffs, focusing on Defendant's residence, fail to present a single piece of evidence calling his national citizenship into question. (*See generally* ECF Nos. 1, 34). To be sure, Plaintiffs allege in their Rule 7.1 disclosure that Defendant is a New York *state* citizen. (ECF 38). But this representation appears to be an erroneous legal conclusion, premised on the false assumption that state residency and state citizenship are synonymous. (*See* ECF 34 at 18 ("Here, complete diversity exist [*sic*] as one plaintiff resides in New Jersey, the rest in the State of Israel and the Defendant resides in New York State.")). This unsubstantiated, conclusory assertion does not rise to the level of preponderance, especially given Defendant's sworn statement to the contrary. *See Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 230 (S.D.N.Y. 2008) (a party does not meet its burden of establishing diversity jurisdiction by rebutting statements made "under penalty of perjury" with "mere[] speculat[ion]"); *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (on a 12(b)(1) motion, a district court "may not rely on conclusory or hearsay statements contained in [parties' submissions]").

Because the record indicates that Defendant is not an American citizen, diversity jurisdiction could exist in this case only if no Plaintiffs were aliens. *See Universal Licensing*, 293 F.3d at 581. But Plaintiffs have not made such a showing. Indeed, Plaintiffs have shown the opposite, attesting that two of them are Israeli citizens residing in Israel. (ECF Nos. 1, 38). The evidence before the Court indicates that there are aliens on both sides of this dispute and a

citizen only on Plaintiffs' side, compelling the conclusion that both diversity of citizenship and the resulting subject-matter jurisdiction are absent in this case.

## IV. CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendant's motion to dismiss for lack of subject-matter jurisdiction be **GRANTED**.

## V. OBJECTIONS

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Paul A. Engelmayer, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

Respectfully submitted,

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: July 1, 2025
New York, New York