UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCHNEUR GERSHOWITZ, CHANA LIBA
NACHIMOVSKY, *and* RACQUEL EVEN-SAPIR,

                      Plaintiffs,

         -v-

DANIEL GRIV, *a/k/a* DANIEL AMRAM, *a/k/a* DANIEL
ZHAIOM SHALOM,

                      Defendant.

24 Civ. 1915 (PAE) (OTW)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Plaintiffs Schneur Gershowitz, Chana Liba Nachimovsky ("Libby"), and Racquel Even-Sapir bring this action against Daniel Griv, who is proceeding *pro se*. Plaintiffs, one of whom is a "leading social media influencer" in the Orthodox Jewish community, Dkt. 1 ("Complaint" or "Compl.") ¶ 10, bring claims for defamation and libel against Griv, an Israeli journalist.

    Before the Court is the July 1, 2025 Report and Recommendation of the Hon. Ona T. Wang, United States Magistrate Judge. It recommends that the Court grant Griv's motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. 39 (the "Report"). The Court adopts the Report in full.

I.   **Background**

    The Court incorporates by reference the Report's detailed account of the facts and procedural history. The following summary captures the limited facts necessary for assessment of the issues presented.

### A.     The Parties

***Plaintiffs***: Gershowitz is a citizen and resident of New Jersey. Report at 6; Compl. ¶ 7. Libby and Even-Sapir are citizens and residents of Israel. Report at 6; Compl. ¶ 7. Even-Sapir is the mother of Gershowitz and Libby. Compl. ¶ 22.

***Defendant***: Plaintiffs allege that Griv is a citizen of New York. *See* Compl. ¶ 7; Dkt. 38 (Rule 7.1 Statement). Griv, however, filed a sworn affidavit attesting that he is not a United States citizen, but rather, a citizen of Israel. Dkt. 28 ("Def. Br."). Judge Wang credited Griv's sworn statement, *see* Report at 6 ("[T]he record indicates that Defendant is not an American citizen."), as does this Court, *see J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (district court may "consider affidavits and other materials beyond the pleadings to resolve [a] jurisdictional issue," and may not rely on "conclusory . . . statements"); *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (where "jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." (citation omitted)); *Rapp v. Flower*, No. 20 Civ. 9586, 2022 WL 2037682, at *3 (S.D.N.Y. June 6, 2022) (A "general rule in the Second Circuit has been that a sworn statement regarding citizenship is, by itself, a strong factor in favor of a similar judicial finding." (citation omitted)); *Bruccoleri v. Gangemi*, No. 17 Civ. 7443, 2019 WL 499769, at *2 (E.D.N.Y. Feb. 8, 2019) ("[A] person's sworn declaration of their domicile is prima facie proof of domicile for diversity purposes.").[1]

---

[1] Griv's current residence, too, is disputed. Plaintiffs allege that Griv currently resides in the Bronx. Compl. ¶ 5. Griv claims his New York lease expired in December 2023 and that he relocated to New Jersey. Def. Br. at 3. However, for the reasons stated *infra*, Griv's current residence is not relevant for the purposes of resolving this motion.

### B. Factual Background

Libby is an Orthodox Jewish social media personality known online as "Libbyland." Compl. ¶ 10. In 2022, Libby and her then-husband, Yaakov Nahimovsky, divorced. *Id.* ¶ 11. On or around December 5, 2022, Griv—an online reporter with a substantial social media following in Israel—began reporting about Libby and Nahimovsky's divorce, purporting to reveal "behind-the-scenes knowledge of their li[ves]." *Id.* ¶¶ 13, 16, 20. The Complaint alleges that Griv posted false and defamatory statements directed at Libby, Gershowitz, and Even-Sapir, including, *inter alia*, that (1) the three set Nahimovsky's car on fire, (2) Libby made false police reports claiming Nahimovsky abused her, and (3) Libby cheated on Nahimovsky during their marriage. *Id.* ¶¶ 38–41, 45, 59. Plaintiffs allege that each of these claims is false. *Id.*

### C. Procedural History

On March 13, 2024, plaintiffs filed the Complaint, which brings claims for libel, defamation, and intentional infliction of emotional distress. Dkt 1. On August 8, 2024, the Court referred the matter for general pretrial supervision to Judge Wang. Dkt. 17. On August 9, 2024, Griv moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. Dkt. 18. On August 13, 2024, the Court referred the motion to Judge Wang for a Report and Recommendation. Dkt. 20. On January 3, 2025, Griv filed a declaration and supporting documents in support of his motion. Dkt. 28. On January 20, 2025, plaintiffs opposed. Dkt. 34 ("Pls. Br."). On June 10, 2025, Judge Wang directed plaintiffs to file disclosure statements as required by Federal Rule of Civil Procedure 7.1(a)(2) and Local Civil Rule 7.1.1, Dkt. 37, which plaintiffs filed on June 11, 2025, Dkt. 38. On July 1, 2025, Judge Wang issued the Report. Dkt. 39. It recommended granting the motion on the ground that there are foreign citizens on both sides of the dispute. No objections to the Report were filed.

## II. Applicable Legal Standards

### A. Report and Recommendation

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *KLM Consulting LLC v. Panacea Shipping Co., Inc.*, No. 22 Civ. 5194, 2024 WL 5199835, at *1 (S.D.N.Y. Dec. 23, 2024) (quoting *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, the Court will review the Report only for clear error. *See Dickerson v. Conway*, No. 8 Civ. 8024, 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 9 Civ. 7583, 10 Civ. 0812, 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even where a party proceeds *pro se*. *See Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424, 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

Careful review of Judge Wang's Report reveals that there is no facial error in its conclusions. Accordingly, the Report, which is incorporated by reference herein, is adopted in full.

### B. Motion to Dismiss Under Rule 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) where "the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it

4

exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citation omitted). Additionally, in resolving a 12(b)(1) motion, the Court may refer to evidence outside the pleadings. *See Makarova*, 201 F.3d at 113. The Court thus considers on this motion Griv's declaration and the documents annexed to it in support of his motion to dismiss, *see* Def. Br., and plaintiffs' memorandum of law in opposition, *see* Pls. Br.

### III. Discussion

Dismissal for lack of subject-matter jurisdiction is appropriate. That is because diversity jurisdiction is the sole basis upon which the Complaint purports to supply such jurisdiction, *see* Compl. ¶ 7 (citing 28 U.S.C. § 1332), and plaintiffs have not shown, as they must, that the parties are completely diverse, *see Rakowicz v. ABM Indus. Groups, LLC*, No. 23 Civ. 9254, 2024 WL 3534407, at *2 (S.D.N.Y. July 25, 2024) (where subject-matter jurisdiction is lacking, the Court "has no adjudicative power to hear the parties' dispute, and any relief it grants 'would be void.'" (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000))).

Critical here, "[t]he party invoking federal jurisdiction bears the burden of showing that jurisdiction exists." *Id.*; *see also Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (same); *Cmty. Healthcare Assoc. of New York v. New York State Dep't of Health*, No. 10 Civ. 8258, 2011 WL 2162983, at *2 (S.D.N.Y. May 26, 2011) (same). The record reflects that the plaintiffs are citizens of Israel and New Jersey, and that the defendant is a citizen of Israel. *See supra* Sec. I.A. Because there are foreign citizens on both sides of the dispute, no diversity jurisdiction exists. *See F5 Cap. v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017) ("Diversity is lacking within the meaning of § 1332(a)(2) where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." (cleaned up)); *Cortlandt St.*

5

*Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 424 (2d Cir. 2015) (same); *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (same).

The Second Circuit's decision in *Tagger v. Strauss Group Ltd.*, 951 F.3d 124 (2d. Cir. 2020), is apposite. In *Tagger*, a citizen of Israel who resided in New York sued an Israeli corporation. *Id.* at 126. The Circuit affirmed the dismissal for lack of subject-matter jurisdiction, concluding that, although the plaintiff was a permanent resident of the United States and domiciled in New York, he was a citizen of Israel for diversity purposes. *See id.* at 126. It noted that, although an earlier version of § 1332 permitted "an alien admitted to the United States for permanent residence" to be "deemed a citizen of the State in which such alien is domiciled," *id.* (quoting Pub. L. No. 100-702, § 203(a) (1988)), a 2011 amendment to the statute clarified instead that "federal courts do not have diversity jurisdiction over lawsuits between two foreign parties," *id.* at 127 (citing 28 U.S.C. § 1332(a)(2)). The Circuit dismissed the suit on that basis. *See id.* ("Under section 1332, both Tagger and Strauss are considered aliens and therefore are not diverse.").

The same is true here. Although Griv is a United States resident, he is a citizen of Israel. *See* Report at 6. And although Gershowitz is a citizen of New Jersey, Libby and Even-Sapir are citizens of Israel. *See id.* The case thus requires dismissal under 28 U.S.C. § 1332. *See, e.g.*, *Pappas*, 856 F.3d at 75 (no complete diversity under § 1332 where there are foreign citizens on both sides of the dispute); *Biswas v. Rouen*, 18 Civ. 9685, 2019 WL 5260821, at *5 n.5 (S.D.N.Y. Oct. 16, 2019) (same), *aff'd*, 808 F. App'x 53 (2d Cir. 2020); *Chadwick v. TKO Recs.*, 3 Civ. 10019, 2004 WL 885820, at *1 (S.D.N.Y. Apr. 20, 2004) (same).

## CONCLUSION

The Court adopts the Report in full and grants the motion to dismiss without prejudice. The Clerk of Court is respectfully directed to terminate all pending motions[2] and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 31, 2025
New York, New York

---

[2] On July 14 and 15, 2025, plaintiffs' counsel filed letter-motions to withdraw as counsel and to stay the case on that basis. *See* Dkts. 40–41. On July 22, 2025, defendant opposed the motion and requested leave to file sanctions against plaintiffs. Dkt. 45. In light of the foregoing, the Court denies the requests as moot.